IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSARIO NATER GONZALEZ and SARAH OTERO NATER,<br><br>    Plaintiffs,<br><br>        vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | CIVIL NO: 18-1762 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

   Pending before the Court is Plaintiffs Rosario Náter-González ("Náter-González") and Sarah Otero-Náter's (jointly, "Plaintiffs") *Motion to Reconsider Order at ECF # 38 and to Request Jury Trial under FRCP 39(b)* ("*Motion*"). (Docket No. 39). Defendant Costco Wholesale Corporation ("Defendant") filed a *Motion in Opposition to Motion Requesting the Court to Reconsider Order at ECF #38 and to Request Jury Trial under FRCP 39(b)* ("*Opposition*"). (Docket No. 41). For the reasons stated below, the Court orders a jury trial in the absence of prejudice to Defendant and despite Plaintiffs' waiver of this right. The Court therefore **GRANTS** the *Motion* at Docket No. 39.

   **I.   FACTUAL AND PROCEDURAL BACKGROUND**

   On October 12, 2018 "Plaintiffs" filed suit against Defendant. (Docket No. 1 at 2). Their *Complaint* alleges that, while

shopping at a Costco warehouse in Bayamón, Náter-González's feet became entangled in a string, rope or plastic lying on the floor, causing her to fall on her right arm. Id. ¶¶ 7-8, 10. She allegedly could not move her arm or stand and had to be transported to a hospital by paramedics. Id. ¶ 11. As a result, she had to undergo surgery for a fracture on her right shoulder and take physical therapy and prescription medications. Id. ¶¶ 13-14. Plaintiffs accuse Defendant of failing to correct the dangerous situation in their warehouse despite actually or constructively knowing the dangers posed by the string, rope or plastic. Id. ¶ 9. They estimate their damages to be $ 450,000.00. Id. ¶¶ 17-18. The *Complaint* does not include a jury demand.

Following this Court's Order on March 21, 2022 stating that Plaintiffs waived their right to a jury trial under Fed. R. Civ. P. 38(b), Plaintiffs filed their *Motion* requesting a jury trial pursuant to Fed. R. Civ. P. 39(b). (Docket No. 39 at 7-12). Defendant opposed, contending Plaintiffs' jury demand pursuant to Fed. R. Civ. P. 39 was without merit. (Docket No. 41 at 4-5).

## II.   MOTIONS FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. If a motion seeks to alter or amend a judgement, Courts may consider them under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *See* Ruiz-Justiniano v. United States Postal Serv., 2018 WL 4562080, at *1 (D.P.R. 2018). A

reconsideration is an extraordinary remedy to be used "sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, a court may **only** grant one: "[1] [if] the original judgment evidenced a manifest error of law, [2] if there is newly discovered evidence, or [3] in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). It is unavailable if the request solely presents "a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court." Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018). Lastly, reconsideration is not a vehicle for a party to undo its own procedural failures. *See* United States v. Pena-Fernandez, 2019 WL 3716472, at *2 (D.P.R. 2019) (quotation omitted).

### III. DEMAND FOR A JURY TRIAL

**A. Requirements for a Jury Trial Demand under Fed. R. Civ. P. 38:**

While the Seventh Amendment to the United States Constitution guarantees a right to a jury trial, Fed. R. Civ. P. 38 ("Rule 38") sets forth the mechanics by which a party may demand a jury trial. *See* Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 62 (1st Cir. 2003). Per this rule, a party must demand one no later than fourteen (14) days after service of the last pleading towards an

issue.[1] *See* Fed. R. Civ. P. 38(b). When a party files a timely demand, it "must be honored unless the parties expressly consent to withdraw the demand" or if they later "waive their jury trial right by either expressly or implicitly agreeing to a bench trial[.]" Lamex Foods, Inc. v. Audeliz Lebron Corp., 646 F.3d 100, 106 (1st Cir. 2011). Hence, failure to properly file such a demand means that a party waives a jury trial. *See* T G Plastics Trading Co., Inc. v. Toray Plastics (America), Inc., 775 F.3d 31 (1st Cir. 2014) (quoting Fed. R Civ. P. 38(d)).

Local Rule 38 also governs demands for a jury trial. *See* L. Civ. R. 38. Said Rule states that "[i]f a demand for jury trial is endorsed on a pleading, the designation or title of the pleading shall include the words 'AND DEMAND FOR JURY TRIAL' or the equivalent on the first page in addition to the endorsement." Id.

Here, Plaintiffs failed to properly request a jury trial under Rule 38. Although Plaintiffs concede that solely checking off a box in a cover sheet stating they requested a jury trial is insufficient to comply with Rule 38, they nonetheless argue it evinces their desire for a jury trial. (Docket No. 39 at 2 n. 1). According to Plaintiffs, this evidence of intent to request a jury trial, when coupled with other motions by them alluding to a jury

---

[1] This Court has taken "pleading" to "refer[] generally to a complaint and answer, and a reply to a counterclaim, third-party complaint and third-party answer, if applicable." Felix-Hernandez v. Am. Airlines, Inc., 539 F. Supp. 2d 511, 512 n.2 (D.P.R. 2007) (citing Fed. R. Civ. P. 7(a)).

trial and referencing the need for jury instructions regarding spoliation of evidence, suffice as a jury demand. Id. at 2-6. The Court disagrees.

A review of the *Complaint* shows a lack of any request for a jury trial in the title of the pleading, its averments, or in its endorsements, in contravention of Local Rule 38. (Docket No. 1). Nor does the fact that Plaintiff checked the "jury demand" box in the Civil Cover sheet suffice as a jury demand. (Docket No. 1-1 at 1). The First Circuit found in Omawale v. WBZ that checking a jury demand box was "**not a substitute for the service of written notice on the defendants required by the Federal Rules**." Omawale v. WBZ, 610 F.2d 20, 22 (1st Cir. 1979) (citation omitted) (emphasis added); *see also* Estate of Leavitt-Rey v. Marrero-Gonzalez, 2019 WL 4391443, at *3 (D.P.R. 2019). The Docket also reveals Plaintiffs made no jury demand after their *Complaint*. (Docket No. 1). The last pleading from either party was Defendant's *Answer* on November 30, 2018. (Docket No. 7). **No jury demand was made therein or in any subsequent pleading. Thus, Plaintiffs waived their right to make a jury demand.** *See* Montanez-Baez v. Puerto Rico Ports Auth., 509 F. Supp. 2d 152, 155 (D.P.R. 2007) (finding Plaintiffs waived their right to a jury trial by not timely requesting one under Fed. R. Civ. P. 38).

**B. The Court's Discretion to Order a Jury Trial Pursuant to Fed. R. Civ. P. 39(b):**

Fed. R. Civ. P. 39(b) ("Rule 39(b)") provides district courts with very broad discretion to order a jury trial, even when no timely motion has been filed. *See* TG Plastics Trading Co., Inc., 775 F.3d at 36. It states that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "[It] would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion." T G Plastics Trading Co., 775 F.3d at 36 (quotation omitted).

This District has identified a list of factors courts must consider when ruling on a Rule 39(b) motion. These include: (1) whether granting the trial demand would prejudice an adverse party; (2) the extent to which jurors would require special instructions to understand the issues at bar; (3) jurors' ability to easily understand the factual matters; and (4) the extent to which granting the motion would cause delays and disruptions. *See* Estate of Leavitt-Rey, 2019 WL 4391443, at *4 (quotation omitted). On occasion, this District has also analyzed the length of the delay in requesting a jury trial and the reason for the movant's tardiness. *See* Rucabado-Rodriguez v. Am. Airlines, Inc., 546 F. Supp. 3d 100, 102 (D.P.R. 2021) (quotation omitted). As explained

below, most of these factors favor granting Plaintiffs' jury trial request.

### 1. Granting a Jury Demand Will Not Prejudice Defendant

While Plaintiffs did not justify their untimely jury demand, Defendant failed to argue how a jury trial would unfairly prejudice it. Instead, it merely fixated on the untimeliness of Plaintiffs' demand and how a possible spoliation instruction warrants a bench trial. But this, standing alone, does not show how a jury trial prejudices Defendant. *See e.g.,* Ramirez-Suarez v. Foot Locker Inc., 609 F. Supp. 2d 181, 185 (D.P.R. 2009) (finding a jury trial was not warranted because "other than focusing on the untimeliness of Defendants' request, Defendants present no other reason in favor of denying Plaintiff's request for a jury trial").

### 2. The Potential Need for a Spoliation Instruction is Insufficient to Deny a Jury Demand

Defendant also avers Plaintiffs' spoliation theory will require special instructions and entails issues of legal and factual causation best tried by a Court and not a jury. (Docket No. 41 at 4). The Court disagrees.[2]

Firstly, a potential jury instruction is insufficient to merit a bench trial. This since complexity alone "is not a basis

---

[2] "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Rodriguez-Benitez v. Berrios-Echevarria, 2021 WL 1030971, at *2 (D.P.R. 2021).

to deny a jury trial because 'juries are commonly called upon to decide complex cases.'" Ramirez-Suarez, 609 F.Supp. at 185 n.3 (quoting Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993)). Secondly, as to the purported spoliation of documents about the accident, the significance of the evidence's absence will be for the jury to decide. The First Circuit has explained that when the proper evidentiary foundation for a piece of evidence has been laid, "a trier of fact may (but need not) infer from a party's obliteration of a document relevant to a litigated issue that the contents of the document were unfavorable to that party." Booker v. Massachusetts Dep't of Pub. Health, 612 F.3d 34, 45 (1st Cir. 2010) (quotation omitted). But a spoliation instruction "is not warranted absent this threshold showing, because the trier of fact would have no basis for inferring that the destruction of documents stemmed from the party's consciousness that the documents would damage his case." Rodriguez-Benitez, 2021 WL 1030971, at *2 (quoting Booker, 612 F.3d at 46). Thus, Plaintiffs will have to first lay the proper foundation with the Court before even presenting a spoliation instruction to the jury, blunting any potential confusion or prejudice caused by such an instruction.

### 3. Jurors will likely be able to understand the factual matters in the case at bar

Without belittling any of the parties' interests at stake, the Court finds that this is simply a slip-and-fall case with factual issues best left for a jury. Multiple courts have reached the same conclusion in ruling on similar motions in slip-and-fall cases. For example, in Carr v. Wal-Mart Stores, Inc., the Middle District of Louisiana found that granting an untimely jury trial request was warranted because the case was a typical slip-and-fall case and "[t]he tort liability and personal injury damage issues presented" were "particularly appropriate for trial by jury, as the factual and legal issues are relatively simple and straightforward." Carr v. Wal-Mart Stores, Inc., 138 F.R.D. 80, 81 (M.D. La. 1991); *see also* Perrin v. Dillard's Inc., 2018 WL 5281466, at *2 (S.D. Ill. 2018); Lee v. Love's Travel Stops &, Country Stores, Inc., 2016 WL 1271052, at *1 (N.D. Ill. 2016) (noting that negligence claims in a slip-and-fall case are "commonly tried before juries in both federal and state courts.").

### 4. Granting a jury demand will not cause delays or disruptions

Lastly, granting a jury request would not disrupt the Court or Defendant's schedules. Trial is scheduled for October 31 to November 4, over six months away, and the pre-trial order is not due until August 29. (Docket No. 38). Thus, the parties have ample time to prepare for a jury trial. *See* Rivera Rosa v. Citibank,

N.A., 549 F. Supp. 2d 155, 157-58 (D.P.R. 2007) (finding that defendant had time to prepare for a jury case since trial was seventh months away); Madrid v. Wells Fargo Bank, N.A. for Option One Mortg. Loan Tr. 2001-D, 2017 WL 5653353, at *3 (W.D. Tex. 2017) (holding that Defendants had time to prepare for a jury trial and any prejudice to them would be "minimal" because trial was six months away).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' *Motion to Reconsider Order at ECF # 38 and to Request Jury Trial* under FRCP 39(b). (Docket No. 39).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 3rd day of May 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge